UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AARON SNYDER,

        Petitioner,

Case No. 11-11941

HONORABLE GERALD E. ROSEN

v.

LLOYD RAPLJE,

        Respondent.

_____/

## ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL

This is a habeas case filed by a Michigan state prisoner under 28 U.S.C. § 2254. Petitioner Aaron Snyder is serving a sentence of mandatory life imprisonment and lifetime electronic monitoring imposed for his conviction for first degree criminal sexual conduct, following a guilty plea. Petitioner asserts that this sentence violates his federal and state constitutional rights. This matter comes before the Court on Petitioner's Motion for Appointment of Counsel.

There is no constitutional right to the appointment of counsel in a habeas proceeding. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("[o]ur cases establish that the right to appointed counsel extends to the first appeal of right, and no further"); *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) ("a petitioner does not have a right to assistance of counsel on a habeas appeal") (citing *McCleskey v. Zant*, 499 U.S. 467, 495 (1987)). Appointment of counsel in a habeas proceeding is mandatory only if the district court determines that an evidentiary hearing is required. *Lemeshko v. Wrona*, 325 F. Supp. 2d 778, 787 (E.D. Mich. 2004); *see* Rule 8(c), Rules Governing Section 2254 Cases in the United States District Courts. Otherwise, the matter lies within the discretion of the court. *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986). An indigent habeas petitioner may obtain representation at any stage of the case "[w]henever the United States

magistrate or the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B).

The Court concludes after careful consideration that the interests of justice do not require appointment of counsel at this time. The issues raised by Petitioner were fully and carefully addressed in Petitioner's briefs filed in support of his direct appeal before both the Michigan Court of Appeals and the Michigan Supreme Court. Petitioner's habeas claims raise purely legal issues, and the record appears to be fully sufficient for the Court to understand and address the issues raised in the petition. Accordingly, the Court denies the motion without prejudice. Petitioner's motion will be reconsidered if, after the Court reviews the responsive pleadings and the record in more detail, the Court determines that appointment of counsel is necessary. No further motions need to be filed with respect to this issue.

Accordingly, it is **ORDERED** that Petitioner's "Motion for Appointment of Counsel" [Dkt. 3] is **DENIED WITHOUT PREJUDICE**.

          s/Gerald E. Rosen
          GERALD E. ROSEN
          Chief Judge, United States District Court

Dated: February 1, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 1, 2012, by electronic mail and upon Aaron Snyder, #243017, Saginaw Correctional Facility, 9625 Pierce Road, Freeland, MI 48623 by ordinary mail.

          s/Ruth A. Gunther
          Case Manager