UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AARON SNYDER,

                    Petitioner,                    Case Number 2:11-CV-11941
                                                   Honorable Gerald E. Rosen

LLOYD RAPELJE,

                    Respondent.
_____/

## OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING PERMISSION TO PROCEED ON APPEAL IN FORMA PAUPERIS

This matter is before the Court on Petitioner Aaron Snyder's petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. On January 27, 2009, Petitioner was sentenced to mandatory life imprisonment after he pleaded guilty in the Muskegon Circuit Court to first-degree criminal sexual conduct. MICH. COMP. LAWS § 750.520b(2)(c). Petitioner does not challenge the validity of his plea. Rather, his petition asserts that his life sentence violates the Ex Post Facto, Double Jeopardy, and Cruel and Unusual Punishment Clauses of the Constitution. The petition will be denied because the Court finds that Petitioner's claims are without merit. The Court will also deny Petitioner a certificate of appealability and permission to proceed on appeal in forma pauperis.

### I. Facts and Procedural History

In 1995, Petitioner was convicted of first-degree criminal sexual conduct in the Newaygo Circuit Court, and he served approximately eleven years of a fifteen-year sentence. Less than two years later, Petitioner was arrested and charged with first-degree criminal sexual conduct in Muskegon County. Petitioner pled guilty, and he was subsequently sentenced in accordance with Michigan Compiled Laws § 750.520b(2)(c) to life in prison without the possibility of parole for

being a habitual sex offender with two or more convictions involving sexual penetration of a person under thirteen years old. He was also sentenced to lifetime electronic monitoring under Michigan Compiled Law § 750.520n.

Following his conviction and sentence, Petitioner filed a pro se delayed application for leave to appeal in the Michigan Court of Appeals. The application raised, among other claims, the same claims presented in the instant petition. The Court of Appeals denied Petitioner's application "for lack of merit in the grounds presented." *People v. Snyder*, No. 295508 (Mich. Ct. App. February 2, 2010). Petitioner subsequently filed an application for leave to appeal in the Michigan Supreme Court, raising the same claims. The Michigan Supreme Court denied the application in a standard form order. *People v. Snyder*, No. 140605 (Mich. Sup. Ct. June 10, 2010).

Petitioner then filed the instant petition, raising the following claims:

I. Petitioner's sentence violates the Ex Post Facto Clause because the statutory provision on which it is based was enacted after his first conviction for criminal sexual conduct.

II. Petitioner's sentence violates the Double Jeopardy Clause because it constitutes additional punishment for his first conviction.

III. Petitioner's life sentence violates the Cruel and Unusual Punishment Clause.

IV. Petitioner's lifetime monitoring sentence violates the Double Jeopardy Clause.

V. Petitioner's lifetime monitoring sentence violates the Cruel and Unusual Punishment Clause.

VI.  Petitioner's lifetime monitoring sentence violates due process.

## II. Standard of Review

Review of this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Pursuant to the AEDPA, Petitioner is entitled to a writ of habeas corpus only if

he can show that the state court's adjudication of his claims on the merits-

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).  An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id*. at 409.  A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id*. at 410-11.

The Supreme Court has explained that "[a] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).  The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 130 S.Ct. 1855, 1862, 176 L. Ed. 2d 678 (2010)((*quoting Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997); *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam)). "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S.Ct. 770, 786 (2011)(*citing Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).  The

Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (*citing Lockyer v. Andrade*, 538 U.S. 63, 75 (2003). Furthermore, pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or...could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.* "[I]f this standard is difficult to meet, that is because it was meant to be." *Harrington*, 131 S. Ct. at 786.

Although 28 U.S.C. § 2254(d), as amended by the AEDPA, does not completely bar federal courts from relitigating claims that have previously been rejected in the state courts, it preserves the authority for a federal court to grant habeas relief only "in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with" the Supreme Court's precedents. *Id.*   Indeed, "Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Id.* (*citing Jackson v. Virginia*, 443 U.S. 307, 332, n. 5 (1979))(Stevens, J., concurring in judgment)). Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.*, at 786-787.

### III. Analysis

#### A. Ex Post Facto

Petitioner asserts that his life sentence and lifetime monitoring violates the Ex Post Facto Clause because his prior criminal sexual conduct conviction occurred before the enhanced

-4-

sentencing provisions for habitual sex offenders were enacted.

The Ex Post Facto Clause provides that "no State shall. . .pass any. . .ex post facto Law."
U.S. Const. art. I, § 10, cl. 1. This provision embodies a "presumption against the retroactive
application of new laws" and is "an essential thread in the mantle of protection that the law affords
the individual citizen." *Lynce v. Mathis*, 519 U.S. 433, 439 (1997). The Ex Post Facto Clause has
been interpreted as prohibiting the enactment of any law that "'changes the punishment, and inflicts
a greater punishment, than the law annexed to the crime, when committed.'" *Ruhlman v. Brunsman*,
664 F.3d 615, 619 (6th Cir. 2011) (quoting *Rogers v. Tennessee*, 532 U.S. 451, 456 (2001)).

In *Gryger v. Burke*, 334 U.S. 728 (1948), the defendant was sentenced to life in prison
pursuant to the Pennsylvania Habitual Criminal Act. *Id*. at 729. He argued that because one of the
prior crimes that formed the basis for the finding that he was an habitual criminal was committed
before the passage of the Act, his sentence violated the Ex Post Facto Clause. The Court disagreed,
concluding as follows:

> Nor do we think the fact that one of the convictions that entered into the
> calculations by which petitioner became a fourth offender occurred before the Act
> was passed, makes the Act invalidly retroactive or subjects the petitioner to double
> jeopardy. The sentence as a fourth offender or habitual criminal is not to be viewed
> as either a new jeopardy or additional penalty for the earlier crimes. It is a stiffened
> penalty for the latest crime, which is considered to be an aggravated offense because
> a repetitive one.

*Id*. at 732.

The Supreme Court reiterated this principle in *United States v. Rodriquez*, 553 U.S. 377
(2008), observing:

> If respondent were correct that a defendant's record of prior convictions has no
> bearing on the seriousness of an offense, then it would follow that any increased
> punishment imposed under a recidivist provision would not be based on the offense
> of conviction but on something else - presumably the defendant's prior crimes or the

-5-

defendant's "status as a recidivist." But we have squarely rejected this understanding of recidivism statutes. In *Nichols v. United States*, 511 U.S. 738 (1994), we explained that "'[t]his Court consistently has sustained repeat-offender laws as penalizing only the last offense committed by the defendant.'" *Id.*, at 747 (quoting *Baldasar v. Illinois*, 446 U.S. 222, 232 (1980)(Powell, J., dissenting). When a defendant is given a higher sentence under a recidivism statute - or for that matter, when a sentencing judge, under a guidelines regime or a discretionary sentencing system, increases a sentence based on the defendant's criminal history - 100% of the punishment is for the offense of conviction. None is for the prior convictions or the defendant's "status as a recidivist." The sentence "is a stiffened penalty for the latest crime, which is considered to be an aggravated offense because [it is] a repetitive one." *Gryger*, 334 U.S. at 732.

*Rodriquez*, 553 U.S. at 385-86.

Accordingly, the enhanced sentencing provisions of § 750.520b(2)(c) and lifetime monitoring consequences were not retroactively applied to Petitioner even though his first conviction for criminal sexual conduct occurred before the enactment of those provisions. In the words of the Supreme Court "100% of the punishment is for the offense of conviction." *Id*. Accordingly, the decision of the state courts is neither contrary to, nor involves an unreasonable application of, clearly established federal law. The claim is therefore without merit.

### B. Double Jeopardy

Petitioner also asserts that his life sentence violates the Double Jeopardy Claim because his enhanced sentence constitutes multiple punishments for his first criminal sexual conduct offense.

The Fifth Amendment to the United States Constitution commands that no "person be subject for the same offence to be twice put in jeopardy of life or limb." U.S. CONST. amend. V. The Double Jeopardy Clause, which is applicable to the states through the Due Process Clause of the Fourteenth Amendment, see *Benton v. Maryland*, 395 U.S. 784, 794 (1969), protects against multiple punishments for the same offense. *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969) (footnotes omitted). It is well-settled, however, that sentencing enhancement provisions do not

-6-

subject a defendant to multiple punishments for the same offense. See *Monge v. California*, 524 U.S. 721, 728 (1998); *United States v. Pruitt*, 156 F.3d 638, 645-46 (6th Cir. 1998); *Carpenter v. Chapleau*, 72 F.3d 1269, 1272 (6th Cir. 1996). In fact, a state may use the same predicate offenses to enhance a defendant's sentence on more than one occasion without violating the Double Jeopardy Clause. *Carpenter*, 72 F.3d at 1272.

The United States Supreme Court has explained: "An enhanced sentence imposed on a persistent offender thus 'is not to be viewed as either a new jeopardy or additional penalty for the earlier crimes' but as a 'stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one.'" *Monge*, 524 U.S. at 727-28 (quoting *Gryger*, 334 U.S. at 732. Simply put, a habitual offender statute such as the one at issue here does not establish an independent criminal offense. See *Montgomery v. Bordenkircher*, 620 F.2d 127, 129 (6th Cir.1980). Accordingly, Petitioner's double jeopardy challenges to his sentence are without merit.

## C. Cruel and Unusual Punishment

Petitioner asserts that his life sentence constitutes cruel and unusual punishment under the Eighth Amendment.

The United States Constitution does not require strict proportionality between a crime and its punishment. *Harmelin v. Michigan*, 501 U.S. 957, 995 (1991); *United States v. Marks*, 209 F.3d 577, 583 (6th Cir. 2000). "Consequently, only an extreme disparity between crime and sentence offends the Eighth Amendment." *Marks*, 209 F.3d at 583; see also *Lockyer v. Andrade*, 538 U.S. 63, 77 (2003) (gross disproportionality principle applies only in the extraordinary case). A sentence that falls within the maximum penalty authorized by statute "generally does not constitute 'cruel and unusual punishment.'" *Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir. 2000) (quoting *United States*

-7-

*v. Organek*, 65 F.3d 60, 62 (6th Cir. 1995)).

In *Ewing v. California*, 538 U.S. 11, 30-31 (2003), the Supreme Court held that a recidivist's sentence of twenty-five years to life in prison for felony grand theft (stealing three golf clubs costing a total of almost $1,200) was not grossly disproportionate and therefore did not violate the Eighth Amendment's prohibition on cruel and unusual punishments. The Supreme Court stated that, "[t]o be sure, Ewing's sentence is a long one. But it reflects a rational legislative judgment, entitled to deference, that offenders who have committed serious or violent felonies and who continue to commit felonies must be incapacitated." *Id*. at 30. If the sentence in Ewing was not disproportionate to the property crime in that case, then the state courts could reasonably find that Petitioner's sentence was not disproportionate to his crime, which involved the sexual penetration of a child under thirteen years of age. Petitioner's sentence does not present the extraordinary case that runs afoul of the Eighth Amendment's ban of cruel and unusual punishment. The state court's determination therefore was reasonable, and his claim is without merit.[1]

## IV.  Conclusion

Before Petitioner may appeal this decision, a certificate of appealability ("COA") must issue. See 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b).  A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A

---

[1] Petitioner's due process claim requires little comment. The lifetime reporting requirement was not imposed without due process of law. It is the result of lawful conviction, the validity of which Petitioner does not challenge.

petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the claims. *Id*. at 336-37. Petitioner has not made a substantial showing of the denial of a constitutional right as to her habeas claim. Accordingly, a certificate of appealability is **DENIED**. The Court also denies Petitioner permission to proceed on appeal in forma pauperis.

### V. Order

For the foregoing reasons, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the matter is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that permission to proceed on appeal in forma pauperis is **DENIED**.


s/Gerald E. Rosen
Chief Judge, United States District Court

Dated:  December 5, 2013

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 5, 2013, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager, (313) 234-5135